Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-5101
Telephone: (516) 268-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Southern District of New York

1:20-cv-10900

Howard Akridge individually and on behalf
of all others similarly situated,

Plaintiff,

- against -

Whole Foods Market Group, Inc.,

Defendant

Class Action Complaint

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.  Whole Foods Market Group, Inc. ("defendant") is the nation's best known and world's leader in natural and organic foods, with almost 500 stores in North America.

2.  Defendant sells a range of products under its store brands, i.e., Organic 365 Everyday Value, and foods prepared for fresh consumption.

3.  These foods include soups, bakery products, fish, and prepared entrees.

4.  Millions of Americans with food allergies hypersensitivities have enjoyed shopping at Whole Foods, because they expected that since it was the preeminent purveyor of natural and organic foods, it would not compromise their safety.

5.  These efforts include properly listing the ingredients on packaged and prepared foods, so affected consumers can prevent adverse health consequences.

1

6.      The severity of the food allergy may vary from mild symptoms involving hives and lips swelling to sever, life threatening symptoms, often called anaphylaxis, which may involve fatal respiratory problems and shock.

7.      Consumers who suffer from food allergies diligently check a product's ingredient list to confirm the absence of the main food allergen.

8.      These include milk, eggs, fish, crustacean shellfish, tree nuts, wheat, peanuts and soybeans.

9.      In addition to accurately listing ingredients, federal and state regulations require that the presence of any of these allergens be disclosed immediately after the ingredient list preceded by the word "Contains." 21 U.S.C. § 343(w)(1).

10.     According to the FDA, the agency which inspects companies to ensure compliance with allergen labeling, Defendant has engaged in a pattern of failing to properly disclose the presence of allergens in its Products.[1]

11.     In just over a year, from October 2019 to November 2020, Defendant was forced to issue thirty-two (32) recalls because of failing to properly identify major food allergens.

12.     The FDA described this recent conduct as similar to what it had observed by Defendant over previous years, such that this is not a "blip" or "isolated" occurrence, notwithstanding the present events stretched over 13 months.[2]

13.     Examples of failing to correctly identify allergens include "Whole Foods Market Minestrone Soup sold in either clear plastic deli-style containers of various weights, or in clear plastic bags weighing 7 lbs. 12 oz."

---

[1] https://www.fda.gov/food/food-labeling-nutrition/food-allergies
[2] https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/whole-foods-market-610862-12162020

14.     Unbeknownst to consumers, this product contained undeclared milk.

15.     Defendant's "Whole Foods Market White Parkerhouse Rolls" contained undeclared milk and eggs.

16.     Defendant's individually packaged Chantilly Key Lime Tartlets contained undeclared almonds.

17.     While these, and many other items, were subject to recalls, experts estimate that the occurrence of events that should trigger a recall is many multiples of actual recalls.

18.     This means millions of Americans have been exposed to critical and dangerous food allergens for at least the past 13 months.

19.     The recalls have been characterized as "systemic" and the FDA noted Defendant's "pattern" of failing to disclose allergens.

20.     The occurrence of this activity does not stem from human error or any factor unique to a particular store or region.

21.     Instead, Defendant has reportedly failed to update its computer labeling software, so that foods do not accurately reflect their ingredients.

22.     Defendant's annual revenue exceeds $17 billion, and if it had to initiate an internal audit of its labeling and ingredient software, these figures would decline drastically.

23.     In pursuit of profit, Defendant failed to comply with the law to protect consumers.

24.     Plaintiff and consumers are allergic to foods among the major allergens or otherwise seek to avoid those allergens.

25.     They relied on Defendant's reputation in the field of natural and healthy foods, such as designating certain artificial and synthetic ingredients it would seek to phase out.

26.     Nevertheless, Defendant failed to do the minimum necessary to protect consumers'

health.

27.    Defendant was able to sell more Products at higher prices than it otherwise would have, because establishing an accurate computer labeling system would be costly and time consuming, which would be a drag on quarterly profits.

28.    Had plaintiff and class members known the truth of Defendant's practices, they would not have bought the Products or would have paid less for them.

29.    The Products are sold at premium prices relative to similar products, sold by Defendant (for packaged goods) and other entities, represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

30.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

31.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

32.    Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

33.    Plaintiff Howard Akridge is a citizen of New York.

34.    Defendant is a Delaware corporation with a principal place of business in Austin, Travis County, Texas and is a citizen of Texas.

35.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to provide and/or supply and provides and/or supplies services and/or goods within New York.

36.    Venue is proper because a substantial portion of events giving rise to the claims

occurred in this District.

Parties

37.     Plaintiff is a citizen of New York, New York County, New York.

38.     Defendant Whole Foods Market Group, Inc. is a Delaware corporation with a principal place of business in Austin, Texas, Travis County.

39.     During the relevant statutes of limitations, plaintiff purchased Products of the type which have been identified as those for which Defendant failed to properly disclose the required food allergens.

40.     Plaintiff shopped at Whole Foods because he expected they would hold themselves to the higher standard they have set for themselves, through its commitment to eliminating certain harmful and synthetic ingredients.

41.     Plaintiff did not expect that Defendant would nonetheless fail to fulfill its minimum responsibilities of disclosing allergens.

42.     Plaintiff relied on the ingredients of the Products and the presence of proper "Contains" statements.

43.     Plaintiff would not have purchased the products had he been aware they contained the undeclared allergens.

44.     Plaintiff purchased numerous Products from Defendant's stores, at one or more locations, including 100 W 125th St, New York, NY 10027, between October 2019 and November 2020.

45.     Plaintiff purchased products from Defendant's stores during the prior six years.

46.     These items included the prepared foods and store brand products where it is reported Defendant did not disclose the presence of food allergens.

5

<u>Class Allegations</u>

47.    The classes will consist of all purchasers of the Products in New York during the applicable statutes of limitations.

48.    Plaintiff intends to seek an injunctive relief class under Rule 23(b).

49.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

50.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

51.    Plaintiff is an adequate representative because her interests do not conflict with other members.

52.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

53.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

54.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

55.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>New York GBL §§ 349 & 350</u>
<u>(Consumer Protection from Deceptive Acts)</u>

56.    Plaintiff incorporates by reference all preceding paragraphs.

57.    Plaintiff and class members desired to purchase, consume and use Products or services which were as described and marketed by defendant and expected by reasonable consumers, given the Products or service type.

6

58.   Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

59.   Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products.

60.   Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because consumers rely on disclosure of allergens for their health and safety.

61.   Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

62.   Plaintiff incorporates by reference all preceding paragraphs.

63.   Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products.

64.   Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and harmful to consumers.

65.    Defendant had a duty to disclose and/or provide non-deceptive identification of the Products and knew or should have known same were false or misleading.

66.   This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in selling foods.

67.   Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

68.   Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

69.     Plaintiff incorporates by reference all preceding paragraphs.

70.     The Products were manufactured, labeled and sold by defendant and warranted to plaintiff and class members that they did not have certain food allergens, when they did.

71.     Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Products.

72.     This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

73.     Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

74.     Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years.

75.     The Products did not conform to their affirmations of fact and promises due to defendant's actions and were not merchantable.

76.     Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Fraud

77.     Plaintiff incorporates by references all preceding paragraphs.

78.     Defendant's conduct was intentional because it knew that it would be penalized for its failure to disclose the major allergens but reasoned that the increased profits would outweigh any harm.

79.     However, this harm was to the lives and safety of its customers.

8

80.    Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

81.    Plaintiff incorporates by reference all preceding paragraphs.

82.    Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, restitution and disgorgement for members of the State Subclasses pursuant to the applicable laws of their States;

4. Awarding monetary damages, statutory damages and interest, including treble and punitive damages, pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   December 23, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan

Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-5101
Tel: (516) 268-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056


Reese LLP
Michael R. Reese
100 W 93rd St Fl 16
New York NY 10025-7524
Telephone: (212) 643-0500
Fax: (212) 253-4272
mreese@reesellp.com

1:20-cv-10900
United States District Court
Southern District of New York

Howard Akridge, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Whole Foods Market Group, Inc.,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-5101
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  December 23, 2020

/s/ Spencer Sheehan
Spencer Sheehan